# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| ANDRES MARTINEZ, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 1:20-00013 |
| WARDEN C. MARUKA, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss" (Document No. 10), filed on March 3, 2022. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Respondent in moving to dismiss. (Document No. 11.) Petitioner, however, failed to file a response. Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's "Motion to Dismiss" (Document No. 10) should be granted.

## PROCEDURAL HISTORY

On January 6, 2020, Petitioner, acting *pro se*,[1] filed his Petition Under 28 U.S.C. § 2241. (Document No. 1.) Specifically, Petitioner complains that the Bureau of Prisons ("BOP") is improperly calculating his sentence. (Id.) Specifically, Petitioner complains that the BOP is

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

denying him time credit for time he served in State custody. (Id.) Petitioner states that in January 2010, he was sentenced in the State of New York to a 10 year term of imprisonment for First and Second Degree Assault. (Id.) Petitioner explains that in February 2014, while in State custody, Petitioner was indicted on Federal charges in Buffalo, New York. (Id.) Petitioner states that he "remained in State custody until April 2014, when the State of New York loaned him to the United States District Court for the Western District of New York pursuant to a writ of habeas corpus ad prosequendum." (Id.) Petitioner alleges that in September 2016, the Western District of New York sentenced him to 45 months for possession and distribution of marijuana and heroin. (Id.) After sentencing, Petitioner acknowledges that he was returned to State custody until he completed his State sentence in June 2018. (Id.) In June 2018, Petitioner states that he was transferred to the custody for the United States Marshal Service to begin serving his Federal sentence. (Id.) Petitioner contends that the Bureau of Prisons is improperly denying him nunc pro tunc designation from September 2016 until June 2018. (Id.)

By Order entered on February 4, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On February 21, 2020, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to fully exhaust his administrative remedies (Id., pp. 3 - 4.); (2) Petitioner's Federal sentence commenced on June 1, 2018, the day he was released from State custody via parole (Id., pp. 4 – 7.); and (3) Petitioner is not entitled to any additional prior custody credit (Id., pp. 7 – 8.) By Order and Notice entered on February 21, 2020, the undersigned notified Petitioner

of his right to file a Reply to Respondent's Response. (Document No. 9.) Petitioner, however, failed to file a Reply.

On March 3, 2022, Respondent filed a "Motion to Dismiss." (Document No. 10.) Specifically, Respondent requests that Petitioner's Petition be dismissed as moot based upon his release from custody. (Id.) Respondent explains that Petitioner's request for relief can no longer be granted as Petitioner has already been released from BOP custody. (Id.) As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 10-1, p. 2.); and (2) A copy of Petitioner's Public Information Inmate Data As of 03-02-2022 (Id., pp. 4 - 6.). By Order and Notice also entered on March 4, 2022, the undersigned notified Petitioner of his right to file a Response to Respondent's "Motion to Dismiss." (Document No. 11.) Petitioner, however, failed to file a Response.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by

virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss" (Document No. 10), **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 9, 2021.

A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: April 13, 2022.

Omar J. Aboulhosn
United States Magistrate Judge